UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEL PARKER,<br>          Plaintiff,<br>   v.<br>J. DURON, et al.,<br>          Defendants. | Case No. 23-cv-01242-DMR (PR)<br>**ORDER OF SERVICE** |

## I.  INTRODUCTION

Plaintiff, who is currently incarcerated at Salinas Valley State Prison (SVSP), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983 alleging use of excessive force by SVSP officers. Dkt. 1.  Plaintiff names the following Defendants from SVSP: Sgt. J. Duron; and Correctional Officers R. Carrillo, J. Lopez, A. Martinez, and V. Herrera.  *Id.* at 1.  Plaintiff seeks monetary damages.  *Id.* at 3-4.

This matter has been assigned to the undersigned Magistrate Judge.  Dkt. 3.  Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written order.  Dkt. 2.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

Plaintiff specifically claims that on November 20, 2022, Defendants used excessive force against him while he was "handcuffed and shackled."  Dkt. 1 at 2-3.  Defendant Duron "attempted to pull [Plaintiff's] left arm over [his] head backwards as [Defendant Duron] punched and kneed [Plaintiff] in [his] ribs, which caused 3 of them to get broke[n]."  *Id.* at 2.  Defendant Martinez "had his hands around [Plaintiff's] neck applying pressure as [Defendant Martinez] grind[ed] [Plaintiff's] face into the concrete."  *Id.* at 2-3.  Defendant Lopez "had a hold of [Plaintiff's] right

1    arm attempting to try and break it as [Defendant Lopez] attempted to pull it over [Plaintiff's] head
2    backwards as [he] la[y] face down on the concrete." *Id.* at 3.  Defendant Herrera "had a hold of
3    [Plaintiff's] ankles where [Defendant Herrera] applied all her weight down on [Plaintiff's] legs
4    and ankles as she also squeezed the leg restraints tighter around [his] ankle." *Id.*  Finally,
5    Defendant Carrillo "applied excessive pressure to the restraint cuff around [Plaintiff's] left ankle,
6    then [Defendant Carrillo] released [Plaintiff's] ankle and got up [and] began to kick [him] in [his]
7    face 4 times." *Id.*  Plaintiff adds that Defendant Carrillo "stomp[]ed [Plaintiff] in the middle of
8    [his] back causing another injury." *Id.*

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

It is well established that whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).  Liberally construed, Plaintiff's allegations appear to state an arguably cognizable claim for use of excessive force in violation of the Eighth Amendment against the named Defendants, and they will be ordered served.

2

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendants, stemming from the November 20, 2022 incident.

2. The following defendant(s) shall be served: **Sgt. J. Duron; and Correctional Officers R. Carrillo, J. Lopez, A. Martinez, and V. Herrera at SVSP.**

Service on the listed Defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (dkt. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons.

No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within **twenty-one (21) days**, shall file with the court a waiver of service of process for the Defendant(s) who are waiving service and, within **twenty-eight (28) days** thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the Defendant(s) who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a

1   magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent

2   form for service upon each defendant who has not waived service. The clerk also shall provide to

3   the USMS a copy of the CDCR Report of E-Service Waiver.

4          The clerk shall also mail a copy of the operative complaint and a copy of this order to the

5   State Attorney General's Office in San Francisco. Additionally, the clerk shall mail a copy of this

6   order to Plaintiff.

7          3.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

8   requires Defendants to cooperate in saving unnecessary costs of service of the summons and

9   complaint. If service is waived, this action will proceed as if Defendants had been served on the

10  date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be

11  required to serve and file an answer before **sixty (60) days** from the date on which the CDCR

12  provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's

13  Office. (This allows a longer time to respond than would be required if formal service of

14  summons is necessary.) If Defendants have not waived service and have instead been served by

15  the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after

16  being served with the summons and complaint.

17         4.     Defendants shall answer the complaint in accordance with the Federal Rules of

18  Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

19         a.     No later than **sixty (60) days** from the date their answer is due, Defendants

20  shall file a motion for summary judgment or other dispositive motion. The motion must be

21  supported by adequate factual documentation, must conform in all respects to Federal Rule of

22  Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

23  the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice

24  so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

25  oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

26  in Rand must be served concurrently with motion for summary judgment). A motion to dismiss

27

28      [1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
2  However, the court notes that under the new law of the circuit, in the rare event that a failure to
3  exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule
4  12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
5  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315
6  F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
7  remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
8  defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on
9  the face of the complaint, Defendants must produce evidence proving failure to exhaust in a
10  motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most
11  favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment
12  under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the
13  district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
14  1168.

15  If Defendants are of the opinion that this case cannot be resolved by summary judgment,
16  they shall so inform the court prior to the date the summary judgment motion is due. All papers
17  filed with the court shall be promptly served on Plaintiff.

18        b.      Plaintiff's opposition to the dispositive motion shall be filed with the court
19  and served on Defendants no later than **twenty-eight (28) days** after the date on which
20  Defendants' motion is filed.

21        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of
22  the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
23  must do in order to oppose a motion for summary judgment. Generally, summary judgment must
24  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
25  any fact that would affect the result of your case, the party who asked for summary judgment is
26  entitled to judgment as a matter of law, which will end your case. When a party you are suing
27  makes a motion for summary judgment that is properly supported by declarations (or other sworn
28  testimony), you cannot simply rely on what your complaint says. Instead, you must set out

United States District Court
Northern District of California

1  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
2  as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and
3  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
4  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
5  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
6  F.3d at 962-63.

7      Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
8  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
9  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
10 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
11 exhaust your available administrative remedies before coming to federal court.  Such evidence
12 may include: (1) declarations, which are statements signed under penalty of perjury by you or
13 others who have personal knowledge of relevant matters; (2) authenticated documents—
14 documents accompanied by a declaration showing where they came from and why they are
15 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
16 in your complaint insofar as they were made under penalty of perjury and they show that you have
17 personal knowledge of the matters state therein.  As mentioned above, in considering a motion to
18 dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment
19 motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed
20 issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

21      (The notices above do not excuse Defendants' obligation to serve similar notices again
22 concurrently with motions to dismiss for failure to exhaust available administrative remedies and
23 motions for summary judgment.  *Woods*, 684 F.3d at 935.)

24      d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the
25 date Plaintiff's opposition is filed.

26      e.    The motion shall be deemed submitted as of the date the reply brief is due.
27 No hearing will be held on the motion unless the court so orders at a later date.

28      5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil

Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 17, 2023

_____
DONNA M. RYU
Chief Magistrate Judge